TURNER, administrator, *et al. vs.* TUBERSING.

1. Where a witness testifies to certain facts in his direct examination, but on cross-examination shows that he has answered on hearsay and without any personal knowledge of such facts, his testimony will be excluded on motion.

2. That the testimony admitted at a former trial of a case was rejected on a second trial is no ground for continuance, where it neither appears that objection was made thereto at the former trial, nor that the party offering it expects to supply its place if a continuance should be granted.

3. It is not competent to prove that a lessor of the fictitious plaintiff in ejectment gave his consent to the use of his name in the action by his admissions to that effect. Such admissions would be in his own favor and hearsay evidence.

4. That certain title papers relating to realty were, in a former action, attacked as forgeries, and so found to be, is irrevelant in a subsequent action in respect to the same realty in which such title papers are not used or relied on.

5. Evidence, newly discovered, but which could have been as easily discovered before the trial by the use of ordinary diligence, gives no ground for a new trial.

Evidence. Continuance. New Trial. Deeds. Before Judge HILLYER. Clayton Superior Court. March Term, 1881.

Reported in the decision.

WILLIAM EZZARD, for plaintiffs in error.

J. S. BLALOCK; J. T. SPENCE; JOHN I. HALL, for defendant.

SPEER, Justice.

This was an action of ejectment brought by the plaintiffs in error against the defendant to recover lot of land number twenty-six, in the thirteenth district of originally Henry county.

It appears from the record that Noel Turner, plaintiffs'

intestate, in his life had, in the year 1860, commenced his action of ejectment to recover this same lot of land, he claiming to be the drawer. There were several demises laid in his declaration. In the year 1865, Noel Turner, the then plaintiff, who resided in Barbour couryty, Alabama, died, and Robert W. Turner and Margaret Turner, his legal representatives (present plaintiffs), were made parties to the suit. On a trial had in 1875, owing to some defect in the proof, the plaintiffs were non-suited, and the judgment of non-suit was affirmed by this court in September, 1875. Plaintiffs re-commenced their present action to recover the same land on the 11th day of February, 1876, less than six months from the discontinuance of the former suit. At the September term, 1879, a trial was had of said case, which resulted in a verdict for defendant, and the same on motion was set aside and a new trial ordered. At the September term, 1880, the cause was again tried, and a verdict, under the evidence and charge of the court, was rendered for the defendant. Whereupon plaintiffs below made a motion for a new trial on the various grounds, as set forth in the record, which was overruled by the court, and plaintiffs excepted.

The grounds of the motion for new trial are:

(1.) Because the court erred in ruling out a part of the testimony of the witness, Robert W. Turner, who testified as follows : " On being asked did you ever know a man by the name of Noel Turner, or Noel W. Turner, who lived and died in Barbour county, Alabama ? If yea, from what state and county did he remove when he went to the state of Alabama, and how long since he settled in the state of Alabama ? Is he now living or dead, and where did he die, if dead ?" To which he answered : " I knew a man by the name of Noel W. Turner, who died in Barbour county, Alabama. He removed from Laurens county, Georgia. He settled in Alabama in the year 1823. He is dead— died on 23d October, 1865." To this ground of the motion the judge appended the following : "The court ruled out

only a part of the answer to the interrogatory, but not all of the answer, as is complained in this ground. This part of the answer, 'I knew a man by the name of Noel W. Turner, who died in Barbour county, Alabama,' was not ruled out, but the balance of the answer was ruled out because in his answer to the fourteenth cross-interrogatory the witness disclosed the fact that he spoke from hearsay. See answer to fourteenth cross-interrogatory."

(2.) Because the court erred in ruling out the answer to the second interrogatory, which is as follows: " Did said Turner ever reside in Laurens county, state of Georgia? If yea, how long since he left there, and to what place did he remove?" To which he answered: " He did reside in Laurens county, in the state of Georgia, before coming to Alabama." To this ground the court appends as follows: " The court ruled out this answer because, in his answer to the fourteenth cross-interrogatory, the witness disclosed the fact that he spoke from hearsay."

(3.) Because after said testimony was ruled out, plaintiffs moved to continue said case on the ground of surprise at the ruling out of said evidence by the court, when on a former trial of said case said evidence had been admitted, and more especially because the court had granted a new trial in said case upon the ground that the jury had found a verdict contrary to evidence, to which ruling of the court in refusing said continuance plaintiffs then and there excepted and now except.

To this ground the court appends as follows: " It is not true, nor was it shown to be true, that objection was made to this testimony on a former trial and the objection overruled. Besides, counsel for plaintiffs did not state that they could or expected to prove the facts by any other person."

(4.) Because the court erred in deciding that the plaintiff could not prove that ·a lessor of the plaintiff had given his consent that his name might be used in a case by proving the admissions of the lessor of that fact.

(5.) Because the court erred in ruling out the record of a former suit which had been commenced for the recovery of said land in 1860, which consisted of an affidavit of Margaret Smythe, the party in interest, alleging that a certain power of attorney purporting to be made by Noel Turner to James Bell, authorizing him to sell and convey said lot of land, and a deed executed under the same, were forgeries, upon which an issue had been joined and a verdict of a jury returned finding said power of attorney and deed to be forgeries, the same having also been admitted on the former trial of said case, the ruling out of which plaintiffs charge to be error, and at which also he was surprised.

To this ground the court appends the following : " As to the fifth ground the declaration was admitted in evidence to show a former suit, but the papers showing that an issue of forgery had been made and tried were rejected because it was not shown that defendant's title was in any way connected with the deed that had been attacked."

(6.) Because the verdict was contrary to law and evidence."

1. We find no error in the ruling of the court excluding certain portions of the answers of Robert W. Turner to the interrogatories propounded to him, as complained of in the first and second grounds of the motion for new trial, as it satisfactorily appears from the answer he has made to the fourteenth cross-interrogatory that the testimony given and ruled out by the court was hearsay, and was not given on his own personal knowledge of the facts about which he was testifying.  For this reason the testimony was properly excluded from the jury.

2. Neither was there error in the courts overruling plaintiffs' motion for a continuance of the case on ruling out the evidence complained of, as is set forth in the third ground of the motion, for the reason that the court denies the facts stated in said ground to be true, and for the further reason that it does not appear that plaintiffs sought a continuance for the purpose of supplying the evidence

excluded, neither did they state, by themselves or counsel, by whom they expected to prove these facts excluded if said continuance was allowed. This cause had been pending between these parties in court from its first commencement for over twenty years. On it there had been two trials, and we see no abuse in that discretion exercised by the court in this case under the facts, as detailed in the record, to put an end to this protracted litigation. A delay of justice sometimes is as prejudicial to the rights of parties, the peace and happiness of litigants, as a denial of it. Under the facts of this case it would require a strong case of abuse of discretion to justify a reviewing tribunal to reverse a judgment and continue this litigation.

3. While it is not only proper, but also indispensable in certain actions of ejectment, to prove that a lessor gave his consent to the use of his name in the action, we know of no rule that allows it to be proved merely by proving the declaration or admission of the lessor in his own behalf. Such declarations would be hearsay evidence and incompetent, and hence there was no error in excluding them, as set forth in the fourth ground of the motion.

4. Neither was there error in excluding the record evidence, as complained of in the fifth ground of the motion, unless the defendant below relied upon the power of attorney and deed alleged to have been forged, purporting to have been executed by Turner to Dantz. It certainly had no relevancy to the deeds already in evidence, and upon which the issue was to be determined by the court and jury. We think it was therefore properly excluded. Why should it be shown that a deed which one of the parties to the suit held at one time was a forgery, when no right or claim is asserted under such deed, and it is never offered in support of any such right or claim on the trial then pending?

5. As to the seventh ground of the motion, based upon the newly discovered testimony as supported by the affi-

davit of counsel for plaintiffs in error, in which it is made to appear that this lot of land in dispute was rendered in for taxes in the county of Laurens, for the year 1824, by one Noel W. Turner, accompanied with a certified copy of said return, we do not think, taking into account the length of time this cause has been pending in court, there has been that legal diligence shown in now seeking to establish this fact which should appeal with favor to the discretion of the court for another hearing. To prove the existence and residence of a person in a county at a particular time, there are many sources of information which to the diligent inquirer would, we might reasonably presume, soon supply what was desired to be known on such points. The grant under which plaintiffs claimed designated the residence, both as to county and district, in which the drawer lived, and though many years have elapsed, there are always (scarcely without exception) records, not only in the county, but at the capitol, apart from the testimony of aged citizens resident there, that would disclose the names and district of all the tax-paying citizens of a county. While we have no criticism to offer as to the efforts made by the venerable counsel in seeking this information by writing, at different times, to the county of Laurens to county officials for information, for no doubt he did so, as he states, and did his full duty as counsel, still we think the parties to the suit showed no diligence on their part to procure this information. It is no doubt true that the very record he now has produced must also have existed in one of the departments of the executive office, within twenty miles of the place of this trial, in equally as durable and more accessible form, than where it was found, amid the musty records of the ordinary's office of Laurens county, where it had reposed for half a century and more.

It was well known, no doubt, to the counsel that an important link in their chain of testimony was to show iden-

tity between the Noel Turner, the drawer of the lot in dispute, who, in November, 1824, resided in a certain district in Laurens county, Georgia, according to the grant, and the Noel W. Turner who lived and died in Barbour county, Alabama, in 1865, and for whose estate these plaintiffs brought this their action. When the grant was issued to Noel Turner on the 14th of November, 1824, of Laurens county, Georgia, and the evidence further showed that plaintiffs' intestate, Noel W. Turner, removed to and lived in Barbour county, Alabama, in 1823, it certainly needed additional evidence to establish the identity of these two persons as one and the same. And to wait a period of nearly twenty years, and after two unsuccessful trials, to seek another trial for the purpose of hunting up and procuring this vital testimony, does not, in our opinion, show that diligence in the cause that the law not only favors but requires at the hands of litigants. We see, therefore, no abuse of the discretion of the court below in overruling this as well as the other grounds of the motion for a new trial.

Let the judgment of the court below be affirmed.