## 58567. STATE FARM MUTUAL INSURANCE COMPANY v. MOSS.

DEEN, Chief Judge.

State Farm Mutual Insurance Company brings this appeal from a jury verdict which awarded appellee $4,070 in lost wages, $3,507 in attorney fees, and punitive damages of $15,000.

1. State Farm contends that the trial court erred in refusing to strike hearsay testimony given by the plaintiff. Moss testified that on the day prior to the accident he had worked for his stepfather cleaning apartments, that he was paid $15 for each apartment completed, and that it was his understanding that he would clean approximately three apartments a day which would give him $45 a day. Upon cross examination, State Farm inquired into the basis for the "understanding" and Moss testified that he discussed the details of his employment with his stepfather the day prior to the accident and that all he knew was based on what his stepfather had told him. (On the day prior to the accident, he had cleaned one apartment and received his check about two and one-half weeks after the accident.)

"Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." Code Ann. § 38-301. "Where a witness testifies to certain facts in his direct examination, but on cross-examination shows that he has answered on hearsay and without any personal knowledge of such facts, his testimony will be excluded on motion." *Turner v. Tubersing,* 67 Ga. 161 (1881). In the present case, the witness' testimony that he cleaned one apartment and was paid $15 was admissible,

but his admission that his testimony as to the availability of jobs and the number of apartments to be cleaned was based upon what he had been told was inadmissible as hearsay and the trial court erred in not ordering that portion of his testimony stricken from the record.

2. Appellant's second and third enumerations of error will be dealt with together. It contends that the trial court erred in denying its motion for a directed verdict at the conclusion of the evidence and that the trial court erred in refusing to grant its motion for a new trial or, in the alternative, its motion for a judgment notwithstanding the verdict.

The Motor Vehicle Accident Reparations Act requires an insurer to make available optional coverage for 85 percent of loss of income or wages. Code § 56-3404b (a) (ii). "Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. Such benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained." Code Ann. § 56-3406b (b). As the statute does not define "reasonable proof" of lost wages, we must turn to cases decided under tort law for guidance. In a tort action when a plaintiff is seeking to recover lost wages and is paid by the job rather than by the hour, he must produce evidence to show that he had ". . . jobs waiting for him at the times he was unable to work or if so what they were, or that if waiting for him he did not have the opportunity later to do these jobs. . ." *Purvis v. Tatum*, 131 Ga. App. 116, 120 (205 SE2d 75) (1973). Here, the plaintiff produced no evidence to show that he had any jobs waiting for him while he was unable to work, all he proved was that he worked the day prior to the accident. Indeed, he admitted that he had been unemployed for one month prior to the accident, he was unemployed on the date of the accident, and at the time of the accident he was on his way to the employment office to find a job. Even if a person has a long history of employment, if he is not employed on the date of the accident he cannot recover for lost wages under the Georgia Motor Vehicle Accident Reparations Act. This rule is true even if the plaintiff intends to return to work at an early date. *Sheffield v. Cotton States Mut. Ins. Co.*, 141 Ga. App. 861 (234 SE2d

695) (1977). In this case, there was no evidence that Moss was employed on the date of the accident. Accordingly, the trial court erred in denying State Farm's motion for a judgment notwithstanding the verdict.

3. Appellee filed a motion to dismiss this appeal contending that the appellant failed to comply with an order of the trial court requiring it to post a supersedeas bond. The record shows that on June 8, 1979, appellant posted a bond in the amount of $22,577 plus an additional $500 to cover court costs and that the trial court approved the bond. As appellant complied with the time limit set by the court for posting the bond, this motion is without merit.

*Judgment reversed with direction to enter a judgment in favor of appellant. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 6, 1979 — DECIDED OCTOBER 26, 1979.

*Robert M. Travis,* for appellant.
*W. LaRue Boyce, Terrence G. Kelly,* for appellee.