66973. ATHENA PRODUCTS, LTD. v. GEOGRAPHICS, INC.

BANKE, Judge.

This is a suit by Geographics, Inc., against Athena Products, Ltd., to collect an account for printing services. The jury returned a verdict for Geographics, and Athena appeals.

The executive vice-president for Geographics, Robert Wegner, testified that he set up the account in Athena's name based on a telephone conversation with a printing broker named Wildhorn. Wegner explained that printing orders are commonly placed through such brokers and that because he knew Wildhorn personally and was familiar with Athena as well, he required no verification of the customer's identity or credit worthiness.

Wildhorn, who was not called as a witness at trial, initially placed an order for 70,000 advertising brochures entitled *Woman's*

*Guide to Beauty.* On March 24, 1981, after the job had been completed and delivered to a "mail house," Geographics sent an invoice to Athena at 3186 Marjan Drive, Atlanta, Georgia. Wildhorn subsequently placed an order for 200,000 reprints, and, following its completion, this job was invoiced to Athena at the same address on May 29, 1981. Geographics subsequently received a phone call advising that the invoices should be sent to a company called Formula Four rather than to Athena, and new invoices were issued accordingly on June 30, 1981.

Geographics introduced into evidence a letter dated May 28, 1981, which was addressed to Wegner by a Robert Michnal and which cited several objections to the manner in which the second printing job had been performed. Wegner identified Michnal as the "coordinator" for the printing of the brochure. He testified that he had met with Michnal to discuss the job "one time when I was out to Athena Products and talked to him out there" and that when he had telephoned Michnal, he had done so at Athena's number. In responding to Michnal's letter, however, Wegner wrote to him in care of Formula Four.

In defense of the claim, Athena's vice-president of marketing Richard Blumberg, denied that Athena had authorized the placement of the orders. Although Blumberg admitted that he had designed the brochure in question, he testified that he had done so in his capacity as president of Formula Four rather than as an officer of Athena, and he maintained that it was Formula Four rather than Athena which had authorized the placement of the order. Nevertheless, he stated: "I have only dealt with Mr. Wildhorn as a printing broker through Athena Products. I have never dealt with him through any other corporation." Blumberg denied that Athena had received invoices for either of the two jobs and pointed out that Athena's correct address was not 3186 Marjan Drive, as listed on the invoices, but 3176 Marjan Drive. It is apparent from Blumberg's testimony that at some time after the *Woman's Guide to Beauty* was distributed, Formula Four ceased operations.

Athena contends on appeal that the trial court erred in allowing Wegner to testify that Wildhorn represented himself to be acting for Athena when he placed the two orders and that there was no other competent evidence to prove Wildhorn was authorized to act as Athena's agent. *Held:*

1. "[T]his court has consistently held that proof of agency may be made by showing circumstances, apparent relations, and conduct of parties [cits.], or by circumstantial evidence alone. [Cit.]" *Lewis v. C&S Nat. Bank,* 139 Ga. App. 855, 858 (229 SE2d 765) (1976). Wegner's testimony that he met with Michnal at Athena's office and

reached Michnal by phone at Athena's telephone number in preparing the brochure, combined with Blumberg's testimony that he "only dealt with Mr. Wildhorn as a printing broker through Athena Products," was sufficient to support an inference that Athena did in fact authorize Wildhorn to order the brochures on its behalf. It follows that the trial court did not err in denying Athena's motion for directed verdict based on lack of evidence of agency.

2. Wegner's testimony that Wildhorn represented himself to be acting on behalf of Athena when he placed the orders was relevant to explain Wegner's subsequent conduct in setting up the account in Athena's name. Since this conduct was relevant to the issue being tried, the testimony was admissible pursuant to OCGA § 24-3-2 (Code Ann. § 38-302). See generally *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982). Although Athena argues that it was severely prejudiced by the introduction of this hearsay testimony, we do not believe Wegner's testimony would have had a significantly different import had he merely related the actions he took in response to his conversations with Wildhorn, without stating the specifics of those conversations.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided October 25, 1983 —
Rehearing denied November 10, 1983.

*Thomas B. Benham, Todd K. Maziar,* for appellant.
*Robert E. Stagg, Jr.,* for appellee.