### 68187. HIGHSMITH v. FILLINGIM et al.

BENHAM, Judge.

Appellant, a disabled and retarded child, brought a medical malpractice suit by and through his next friend and mother against appellees, two obstetricians, and the clinic where they were employed. Appellant alleged, inter alia, that his physical and mental condition was a direct result of appellees' failure to identify his mother's multiple pregnancy, to recognize the spontaneous premature rupture of the membranes after 32 weeks of gestation, and to induce labor within 24 hours thereafter.

Our review of the abbreviated trial transcript submitted by appellant reveals that appellant's mother, Carolyn Highsmith, testified that she had been leaking fluid before she gave birth; that she telephoned appellee Dr. Fillingim for advice; and that he told her not to come to his office or to go to the hospital, so she did not. Appellant later sought to have both Mrs. Highsmith's grandmother and Mrs. Highsmith's neighbor testify that Mrs. Highsmith did not go to the hospital because her doctor told her not to do so. Neither of the witnesses heard the actual conversation between Dr. Fillingim and Mrs. Highsmith, although her neighbor was present when she dialed the telephone number, asked for the doctor, and told someone about the leakage.

Appellees made a hearsay objection to the admission of the two witnesses' testimony about the doctor's statement to Mrs. Highsmith. Appellant contended that it was not hearsay, but original evidence

pursuant to OCGA § 24-3-2 since it was being offered to explain Mrs. Highsmith's conduct, and made an offer of proof to that effect.

The trial court ruled in favor of appellees and excluded the testimony. The jury returned a verdict in favor of appellees, and appellant brings this appeal, enumerating as error the two portions of excluded testimony. We affirm.

While it is true that testimony to explain conduct is not hearsay but original evidence (OCGA § 24-3-2; *Joiner v. Joiner*, 225 Ga. 699 (3) (171 SE2d 297) (1969)), the testimony offered in the instant case was hearsay and properly excluded. Carolyn Highsmith's testimony had been admitted and served as the original evidence to explain her conduct. Had the two witnesses overheard her conversation with the doctor, their testimony would have been admissible. However, their knowledge was derived from what Mrs. Highsmith told them her doctor said, which was hearsay and therefore inadmissible. See OCGA § 24-3-1; *State Farm Mut. Ins. Co. v. Moss*, 152 Ga. App. 84 (1) (262 SE2d 248) (1979). Nor can it be said that the testimony, albeit hearsay, was nonetheless competent. Hearsay derives its competency from the necessity of the case. *Price v. Whitley Constr. Co.*, 91 Ga. App. 257 (2) (85 SE2d 528) (1954). The testimony appellant sought to elicit had already been given, rendering repetition through hearsay unnecessary.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 10, 1984.

*Andrew W. Estes, E. Malcom Corbett, Jr.,* for appellant.
*William H. Pinson, Jr.,* for appellees.