### 71612. COLOR GRAPHICS, INC. v. INTERNATIONAL MARKETING SERVICES, INC.
#### (339 SE2d 781)

Banke, Chief Judge.

Plaintiff Color Graphics, Inc., sued International Marketing Services, Inc. (IMS) to collect an alleged account indebtedness for printing services. IMS moved to dismiss the complaint for failure to join an indispensable party and for bringing suit against the wrong party. After considering depositions and other evidence submitted by both parties, the trial court dismissed the complaint. Plaintiff appeals.

Mr. George Matthews engaged Mr. Andrew Dailey, an independent contractor, to design and produce a wall calendar. Matthews had previously engaged Dailey in similar endeavors in his (Matthews') capacity as president of IMS. After obtaining bids from three graphics firms for the production of the calendar, Dailey recommended that plaintiff be awarded the contract, though it was not the low bidder. Matthews agreed to go along with this choice, provided plaintiff agreed to meet the price of the lowest bid. Plaintiff agreed to do so and delivered a written offer to this effect to Dailey. The document was later signed by a Mr. Cadle, the controller of IMS, in a space marked "Accepted," although the capacity in which Cadle signed was not stated. This transaction occurred on premises occupied by IMS

and in the presence of both Dailey and a Mr. Sales, an employee of plaintiff. Similar transactions had been conducted in the past.

About six months prior to the transaction at issue in this case, Matthews and another officer of IMS had formed a Nevada corporation called Windows of the World (Windows). In an affidavit submitted in support of IMS's motion to dismiss, Matthews averred that it was Windows rather than IMS which had contracted with Dailey for the calendars and that both Dailey and Cadle had been so informed. However, there is no evidence that Matthews ever communicated this information directly to any representative of the plaintiff, nor is there any evidence that Cadle was authorized to sign contracts on behalf of Windows, nor that Windows maintains an office in Georgia.

Dailey averred that Matthews had informed him that the calendar was to be printed for Windows but also averred that Cadle had told Sales that he (Cadle) had no authority to sign for Windows. Sales acknowledged that Cadle had told him he had no authority to sign the contract with plaintiff but averred that Windows' involvement had never been mentioned and that he (Sales) assumed the statement had been made in jest. Sales further averred that he had not been informed of IMS's alleged lack of involvement in the transaction until after delivery of the product had been effected and an invoice submitted to IMS. *Held*:

Where matters outside the pleadings are considered by the trial court, a motion to dismiss is converted to a motion for summary judgment. See *Pooler v. Taylor*, 173 Ga. App. 859 (1) (328 SE2d 749) (1985). Proof of agency may be established by showing circumstances, apparent relations, and conduct of the parties. See *Lewis v. C&S Nat. Bank*, 139 Ga. App. 855 (1b) (229 SE2d 765) (1976). See also *Athena Prods. v. Geographics*, 168 Ga. App. 828 (1) (310 SE2d 547) (1983). Under the circumstances of the instant case, a genuine issue of material fact clearly exists as to whether Cadle was acting as IMS's actual or apparent agent in accepting the plaintiff's offer. Accordingly, the trial court erred in dismissing the complaint.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*Martin L. Fierman*, for appellant.
*John G. Grubb, Jr.*, for appellee.