A89A1766. LLOYD v. TYSON.
(392 SE2d 551)

POPE, Judge.

Appellee Tyson sued appellant Lloyd for injuries received in an automobile accident. The jury returned a verdict in favor of Tyson in the amount of $103,591.69, of which $97,700 was for pain and suffer-

ing. Lloyd appeals and enumerates three errors.

1. Lloyd argues that the trial court erred in finding that Tyson exercised due diligence in perfecting service on Lloyd. The accident occurred on May 2, 1985. Suit was filed on October 25, 1985. However, service was not perfected on Lloyd until January 1988. The record shows that at the time of filing, Lloyd had left Sumter County leaving no forwarding address. Tyson's attorney, who represented Lloyd's mother on another matter, asked the mother if she knew Lloyd's whereabouts and was told that Lloyd was somewhere in North Carolina. The attorney checked regularly approximately every two months with the mother to inquire if she knew of Lloyd's address. He also asked the mother to notify him if Lloyd returned to Sumter County. In November 1987, the attorney got an address in Charleston, South Carolina. He attempted service there, but was unsuccessful because Lloyd had moved. The attorney learned that Lloyd was scheduled to be in Sumter County at Christmas 1987 and he personally attempted to serve her but missed her. However, he did get a new address and service was perfected in January 1988. After hearing all of the evidence, the trial court found that Tyson had exercised due diligence in effecting service.

"Whether defendant's motion to dismiss the complaint as barred by the statute of limitation should be granted is determined by whether the plaintiff has shown that he acted in a reasonable and diligent manner in attempting to assure that a proper service was made as quickly as possible. Plaintiff must carry the burden to show diligent service. Further, the trial court's exercise of discretion in these matters will not be overturned on appeal, unless it has been actually abused and cannot be supported as a matter of law." (Citations and punctuation omitted.) *Walker v. Hoover*, 191 Ga. App. 859, 860 (383 SE2d 208) (1989). See *Siler v. Johns*, 173 Ga. App. 692 (327 SE2d 810) (1985). We find no abuse of the trial court's discretion in finding due diligence based upon the facts in the record.

2. Lloyd argues that the trial court erred in allowing Tyson to testify over objection regarding the reason he had not returned to see the doctor for treatment after 1985. Lloyd argues that Tyson's answer that the doctors "told me that . . . this is all that they could do, [t]his was it, and I was just gonna have to just learn to live with it, live with the pain," was hearsay expert testimony regarding the permanent nature of his injury. We find no error. The trial court permitted the testimony pursuant to OCGA § 24-3-2. Because Tyson's conduct in ceasing to seek treatment for his injuries was relevant to an issue being tried, it was admissible as original evidence pursuant to that code section. *Athena Prods. v. Geographics*, 168 Ga. App. 828 (2) (310 SE2d 547) (1983); see also *Highsmith v. Fillingim*, 171 Ga. App. 548, 549 (320 SE2d 391) (1984).

3. Lloyd argues that the trial court erred in refusing to give her request to charge on mitigation of damages. Specifically, she argues that Tyson's failure to get medical treatment the evening of the accident and his attempt to engage in activities which exacerbated the symptoms of his injury and his failure to seek treatment after 1985 is evidence that would support a charge on mitigation of damages. We do not agree.

"The argument . . . that the charge is applicable and authorized in any torts case is not persuasive. [Appellant's] counsel has failed to cite any evidence which would have authorized a finding that [appellee] had failed to mitigate damages or that in fact it was possible to do so." *Jernigan v. Carmichael*, 145 Ga. App. 560, 561 (3) (244 SE2d 92) (1978). Lloyd fails to point out any evidence in the record which would support her contention that Tyson's failure to do or Tyson's doing of the things complained of in any way would have mitigated his damages. The refusal to give the charge was not error. *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (6) (359 SE2d 351) (1987).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 6, 1990 —
REHEARING DENIED MARCH 22, 1990 — 

*Crim & Bassler, Harry W. Bassler, Joseph M. Murphey*, for appellant.

*Kenneth M. Henson, Jr., Fuller & McFarland, Thomas R. McFarland, Millard D. Fuller*, for appellee.