A91A1077. DAVIS v. AUTO-OWNERS INSURANCE COMPANY.
(411 SE2d 84)

CARLEY, Presiding Judge.

Appellant-plaintiff filed a claim for no-fault income benefits pursuant to an automobile liability insurance policy issued by appellee-defendant. When appellee denied the claim, appellant initiated the instant action to recover not only those benefits, but also statutory penalties, attorney's fees, and punitive damages. Appellant appeals from the trial court's order granting appellee's motion for summary judgment.

OCGA § 33-34-4 (a) (2) (B) provides for no-fault benefits for "the loss of income or earnings. . . ." It is undisputed that, at the time of his injury, appellant derived his income or earnings from "store[d] salvageable metal on [his] property" which he sold "in Atlanta when [he was] able to obtain transportation." According to appellant, he "now possess[es] scrap metal in [his] salvage yard sufficient to make several more trips to Atlanta but [he is] unable to do so because of [his] physical disability." Appellant urges that this evidence sufficiently demonstrates that he has suffered a compensable "loss of income or earnings" and that the trial court erred, therefore, in granting summary judgment in favor of appellee.

When a claimant is seeking to recover no-fault income benefits pursuant to OCGA § 33-34-4 (a) (2) (B) and he is paid periodically by the job rather than regularly at a fixed rate, he must "show that he had '. . . jobs waiting for him at the times he was unable to work [and] . . . what they were, [and] that . . . *he did not have the opportunity later to do these jobs*[.]. . .' [Cit.]" (Emphasis supplied.) *State Farm Mut. Ins. Co. v. Moss*, 152 Ga. App. 84, 85 (2) (262 SE2d 248) (1979). Obviously, appellant will have the opportunity later to sell such scrap metal as he already possesses and stores in his salvage yard. Construing the evidence most favorably for appellant, he has suffered, at most, a *delay* in such income or earnings as he derives from his inventory of scrap metal, rather than a compensable *loss* of any income or earnings. Accordingly, the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 13, 1991 —
RECONSIDERATION DENIED SEPTEMBER 27, 1991 — ▮▮▮▮▮▮

*Joseph M. Todd*, for appellant.

*Cannon & Meyer Von Bremen, William E. Cannon, Jr.*, for appellee.