31525. ANDREW v. THE STATE.

GUNTER, Justice.
John R. Andrew was arrested and charged with (1) operating a motor vehicle without effective insurance or

an approved plan of self-insurance in violation of the Georgia Motor Vehicle Accident Reparation Act (Code Ann. § 56-9915.2); (2) operating a motor vehicle on a public highway without a valid license tag; (3) operating a motor vehicle on a public highway without a valid safety inspection sticker. He was found guilty by a jury on all three counts, and he has appealed.

At the trial, the arresting officer testified that he had observed, at the time of the arrest, appellant's expired state inspection sticker and expired license tag. He also testified that, at the time of the arrest, the appellant admitted these infractions and also admitted that he did not have insurance coverage. The appellant testified that he had not had any insurance for about nine years; he stated that payment of insurance premiums was against the teachings of his religion; he testified that he did not have a valid tag and safety sticker because these two items could not be obtained until one had evidence of valid insurance coverage; and his lack of insurance coverage thus made it impossible for him to obtain a valid tag and sticker.

Code Ann. § 56-9915.2 provides: "An owner or any other person who knowingly operates, or knowingly authorizes another to operate, a motor vehicle without effective insurance thereon or without an approved plan of self-insurance as required by Chapter 56-34B, the Georgia Motor Vehicle Accident Reparations Act, shall be guilty of a misdemeanor and, upon conviction, shall be punished as for a misdemeanor."

Appellant's primary attacks on his convictions are constitutional in nature. He contends that the mandatory requirement for insurance coverage is violative of due process, is violative of First Amendment rights, and is an unconstitutional exercise by the state of its police power. These constitutional attacks are without merit. See Manzanares v. Bell, 214 Kan. 589 (522 P2d 1291) (1974); and Pinnick v. Cleary, 360 Mass. 1 (271 NE2d 592) (1971); and Lasky v. State Farm Insurance Co. (Fla.), 296 S. 2d 9 (1974).

The complaint about the court's charge to the jury was not excepted to and, furthermore, the charge was not erroneous.

The evidence submitted to the jury was more than ample to warrant and sustain the jury's verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1976 — DECIDED MARCH 2, 1977.

*Hendon, Egerton, Harrison, Glean & Kovacich, Michael Anthony Glean,* for appellant.

*C. B. Holcomb, District Attorney,* for appellee.