## 54103. SOUTHEASTERN FIDELITY INSURANCE COMPANY v. HICKS.

McMurray, Judge.

Mrs. Brenda C. Hicks (also shown as Belinda) was an insured under a policy of insurance issued pursuant to the Georgia Motor Vehicle Accident Reparations Act. The policy insured a 1973 automobile which was owned by her mother and in which Mrs. Hicks was a passenger when she was killed in an automobile collision on June 18, 1975. Mrs. Hicks was survived by her husband, Melvin Hicks, plaintiff herein, and by two minor children. Plaintiff brought this action to recover the survivors benefits provided under the insurance policy as required by Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116, since amended in 1975, pp. 1202, 1204).

At the time of her death Mrs. Hicks was 20 years old, in good health, of average intelligence and capable of common labor, and had a reasonable life expectancy of 50.37 years. She was working part time as a cashier at a restaurant where her mother worked, but was doing this as an accommodation to her mother and was not receiving monetary pay for these services. The defendant, Southeastern Fidelity Insurance Company, paid the funeral expenses but refused to make any payments of compensation under the provisions of Code Ann. § 56-3403b (b) (2) and (b) (3), supra. Plaintiff brought this action which was tried before the court on a stipulation of facts and verdict rendered for plaintiff in the amount of $3,500. Defendant appeals. *Held:*

1. Under the holding of this court in *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861 (234 SE2d 695), the decedent having had no income at the time of her death there can be no recovery of survivor benefits under the provisions of Code Ann. § 56-3403b (b) (2), supra.

2. Code Ann. § 56-3403b (b) (3), supra, provides for payment of expenses not to exceed $20 per day reasonably incurred during a period of disability in obtaining ordinary and necessary services of others, excluding members of the injured person's household, in lieu of services that had he or she not been injured the injured person would have performed, not for income but for the benefit of his or her household. The stipulation of facts contains no evidence of such expenses, although we might reasonably expect in the normal course of human events that such expenses would be incurred where, as here, two minor children must be cared for. We may not engage in such speculation there being no evidence to support the verdict on this issue. The court erred in making its alternative conclusion that the verdict was authorized under Code Ann. § 56-3403b (b) (3), supra.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JUNE 27, 1977 — DECIDED JULY 14, 1977 — REHEARING DENIED JULY 29, 1977 —

*Ogden Doremus,* for appellant.
*Callaway & Hallman, William E. Callaway, Jr., Ronald W. Hallman,* for appellee.