## 35974. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SMITH.

BOWLES, Justice.

Certiorari was granted to review Division 2 of the Court of Appeals' opinion in *State Farm Mut. Auto. Ins. Co. v. Smith,* 152 Ga. App. 825 (1979). Upon consideration by this court we reverse the Court of Appeals and affirm the trial court's grant of summary judgment on the ground that Mrs. Smith had lost no compensable income and had no right to recover under Code Ann. § 56-3403b (b) (2).

The facts presented to the trial court showed that respondent Smith was injured and her husband was killed in an automobile collision on May 3, 1975. On November 29, 1978, respondent brought an action against the insurer to recover for lost income under the no-fault provisions of her husband's automobile policy. The insurer admitted by endorsement it would be liable for

85% of respondent's loss of income under the policy, but denied that the economic loss sought was compensable. The insurer moved for summary judgment on the ground that respondent had lost no compensable income. In support of its motion, the insurer presented the affidavit of respondent Selma A. Smith, a copy of the 1974 U. S. Individual Tax Return of Linwood P. and Selma A. Smith, and the affidavit of Edith Potts, an office claim representative at the office of State Farm Mutual Automobile Insurance Company in Savannah, Georgia.

In her affidavit respondent stated that though she worked full time for her husband, she did not receive direct compensation from his business, but she had full use, enjoyment and benefit of a portion of the profits from the business operated by her husband since the profits were placed in a joint checking account. The joint income tax return filed by respondent and her husband described the business as a sole proprietorship and attributed none of the business income to respondent. The trial court granted insurer's motion for summary judgment. On appeal the Court of Appeals reversed, finding a jury question as to whether Mrs. Smith had been generating income on the date of the accident.

We find no evidence presented to the trial court on motion for summary judgment to support respondent's allegation that she was earning income as of May 3, 1975. While the Court of Appeals found that respondent at trial might be able to prove the percentage amount of income which was attributed to her work, under the Georgia Summary Judgment Law, she was required to set forth specific facts upon which a determination of her income could be made in response to the insurer's motion for summary judgment. "As written, Code Ann. § 81A-156 places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer judgment against him. Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal."

*Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977).

"An individual entitled to compensation pursuant to Code Ann. § 56-3403b (b) (1), is, if receiving no income at the time of the injury, not entitled to benefits under Code Ann. § 56-3403b (b) (2). See *Sheffield v. Cotton States &c. Ins. Co.,* 141 Ga. App. 861 (234 SE2d 695)." *Miller v. Spicer,* 147 Ga. App. 759 (4) (250 SE2d 492) (1978). The uncontradicted evidence before the trial court by way of respondent's affidavit and joint tax return showed that respondent was earning no income on the date of the accident. It is not sufficient to show that she was working, without showing that income was generated for that work. *Southeastern Fidelity Ins. Co. v. Hicks,* 143 Ga. App. 165 (237 SE2d 655) (1977). Accordingly, we affirm the trial court's grant of summary judgment to the insurer.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 11, 1980 — DECIDED APRIL 23, 1980.

*Luhr G. C. Beckmann, Jr., Andrew J. Hill, III,* for appellant.

*Carl S. Pedigo, Jr., Joseph A. Odom, William Pinson,* for appellee.