## 60414. AMERICAN INTERSTATE INSURANCE COMPANY OF GEORGIA v. REVIS.

DEEN, Chief Judge.

This is an appeal from a summary judgment in favor of the insured allowing benefits for lost earnings, and denying the motion to disallow penalty, attorney fees, and punitive damages.

1. Revis was permanently and totally disabled in a car wreck and is admittedly insured with the appellant's No Fault provisions of his insurance policy for up to $5,000, $2,500 of which has been paid for medical bills. The remainder is sought under Code § 56-3403b (b) (2) providing for payment of "85 per cent of the loss of income or earnings during disability." It is conceded that the amount accrued to date if allowed exceeds the remaining $2,500 of possible policy benefits.

The insurer relies on the judicial gloss which has been placed on the quoted statutory provision incorporated in the policy to the effect that an individual, if receiving "no income at the time of the injury," is not entitled to benefits under (b) (2) supra. *State Farm Mut. Auto. Ins. Co. v. Smith,* 245 Ga. 654 (266 SE2d 505) (1980); *Southeastern Fidelity Ins. Co. v. Hicks,* 143 Ga. App. 165 (237 SE2d 655) (1977). In *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861 (234 SE2d 695) (1977), it was held in a declaratory judgment action brought by the insurer that where the insured decedent was not engaged in fulfilling a contract of employment at the time of her death there could be no claim for economic loss. In *Phillips v. Aetna Cas. & Surety Div.,* 148 Ga. App. 351, 352 (251 SE2d 180) (1978) where the claimant was not working but claimed he had been rehired to begin work on February 21, the day after he was in fact injured on February 20, the court used language which might be interpreted as indicating that even if the claimant had in fact been rehired but had not actually received wages at the time of injury he could not recover, but then added that this question need not be determined since the employment relationship had not been proved. The statement was accordingly obiter. The question was decided in *State Farm Mut. Ins. Co. v. Moss,* 152 Ga. App. 84 (262 SE2d 248) (1979) by reference to tort law allowing recovery where there is proof that the claimant does have a contract of future employment. This case was decided October 26, 1979.

In the present case undisputed evidence offered by affidavit, deposition and stipulation at the summary judgment hearing shows the following chronology: Revis, who had been working as a partner in a framing business, applied for a job with West Distributors on August 27, 1979, filled out the pertinent forms, was accepted and notified to report to work on August 30 at an agreed salary. He ceased

his former employment connection at the close of business on August 29, but stated that he had agreed to do some work for his brother on August 30, and West then expected him to report on August 31. He was injured on the afternoon of August 30. The statutory language allowing recovery for loss of earnings during disability cannot be held to predicate the loss entirely on the earnings received *on the day of the injury* if in fact there is a firm contract for wages during the period of disability, even though on the day of injury the claimant was not working. The proof should be clear and convincing to avoid the suspicion of collusion between an injured plaintiff and a compliant putative future employer, but this is true in any case where insurance is involved. The appellant does not contend that Revis had no employment contract or that it did not begin on August 31, and it lays its defense solely on the language used by the appellate courts. In none of the cases cited was there actually proof of an employment contract, and at most the claimants had a desire or intention to engage in future employment, which is not sufficient. In this case, where the contract was proved to be in existence at the time of injury, the trial court properly granted summary judgment.

2. As to penalty, attorney fees and punitive damages, however, we are forced to the opinion that in the state of the law at the time this question was presented to the insurance company there was some reason to press the view that the claimant must have been employed *and* working on the date of the injury in order to recover lost earnings during disability.

As in other statutes assessing attorney fees against an insurer, the yardstick is good or bad faith in refusing to pay the claim. Cf. Code § 56-1206 with § 56-3406b (c) (. . . "if the insurer fails to prove that its failure or refusal to pay such benefits was in good faith . . .). "The proper rule is that the judgment [awarding penalty, etc.] should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life & Acc. Ins. Co. v. McClain,* 243 Ga. 263, 265 (254 SE2d 380) (1979). In the present case, in view of the language used in a number of cases, we find the interpretation placed by the insurer on the judicial construction of Code § 56-3403b (b) (2) although erroneous, was not unreasonable. On this issue the court should have granted summary judgment to the appellant.

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED OCTOBER 7, 1980 —
REHEARINGS DENIED OCTOBER 17, 1980 AND OCTOBER 24, 1980 —

*Al Bridges,* for appellant.
*James E. Butler, Jr.,* for appellee.