## 36967. LEONARD v. PREFERRED RISK MUTUAL INSURANCE COMPANY.

PER CURIAM.
Appellant was injured when the bus in which he was riding hit a culvert. He was reimbursed for his medical expenses under the

no-fault coverage provided by appellee. Appellant brought this action to recover an additional $850.00 in lost wages and $2,020.00 for nursing care and other services. The trial court granted appellee's motion for summary judgment. In this appeal, appellant challenges the constitutionality of Code Ann. §§ 56-3403b (b)(2) and (b)(3). He also contends that the trial court erred in entering summary judgment against him on his claim for "nursing services." We affirm.

1. Appellant asserts that Code Ann. § 56-3403b (b)(2), as construed by this Court and the Court of Appeals, violates the due process and equal protection guarantees of the United States and Georgia Constitutions, insofar as it prohibits recovery of lost wages solely on the ground that the injured party is unemployed at the time of injury. He also contends, again on due process and equal protection grounds, that Code Ann. § 56-3403b (b)(3) unconstitutionally excludes recovery of expenses for services provided by a member of the injured person's household.

This court has previously addressed similar challenges to other portions of the Georgia Motor Vehicle Reparations Act. In *Cannon v. Ga. Farm Bureau Mut. Ins. Co.,* 240 Ga. 479 (241 SE2d 238) (1978), we upheld the provisions of the Act which limit recovery of survivor's benefits to the spouse and children. In *Andrew v. State,* 238 Ga. 433 (233 SE2d 209) (1977), we upheld the Act's requirement that certain insurance coverage must be obtained before a motor vehicle may be operated in this state. In *Teasley v. Mathis,* 243 Ga. 561 (255 SE2d 57) (1979) and *Williams v. Kennedy,* 240 Ga. 163 (240 SE2d 51) (1977), we found the Act's threshold requirement of "serious injury" for recovery of noneconomic loss or exemplary damages to be constitutional.

The appellate courts of this state have held that an injured party is not entitled to recover lost income benefits if he is unemployed or "receiving no income" at the time of injury. See, e.g., *State Farm &c. Ins. Co. v. Smith,* 245 Ga. 654 (266 SE2d 505) (1980); *Miller v. Spicer,* 147 Ga. App. 759 (250 SE2d 492) (1978). While it is not essential to recovery of lost income benefits that the injured party actually be earning income on the date of injury, he must, at a minimum, have accepted an offer of income-generating employment or have a continuous pattern of employment prior to the period of disability. See *American Interstate Ins. Co. v. Revis,* 156 Ga. App. 204 (274 SE2d 586) (1980); see also *State Farm Ins. Co. v. Smith,* supra. Consistent with the holdings of *Williams, Teasley, Cannon,* and *Andrew,* we today hold that the limitation on income benefits in Code Ann. § 56-3404b (b)(2), as construed by this court and the Court of Appeals, establishes a constitutionally permissible classification reasonably related to the purposes of the no-fault act.

We reach the same conclusions insofar as the limitation contained in Code Ann. § 56-3403b (b)(3) is concerned. By requiring that compensable services be provided by someone other than a member of the injured person's household, Code Ann. § 56-3403b (b)(3) increases the likelihood that expenses have been legitimately incurred and minimizes the opportunity for fraud and collusion.

Appellant apparently concedes that, if Code Ann. §§ 56-3403b (b)(2) and (b)(3) pass constitutional muster, he is not entitled to benefits under them. Regardless of this concession, a review of the evidence submitted on the motion for summary judgment demands an affirmance of the trial court's holding with respect to this portion of appellant's claim.

2. Appellant asserts that he should be reimbursed for "nursing services" provided by his sister. See Code Ann. § 56-3403b (b)(1). We cannot agree. It is uncontroverted that appellant's sister is not a licensed nurse under Code Ann. Title 84. In our view, the legislature contemplated that, in order for "nursing services" to be compensable under Code Ann. § 56-3403b (b)(1), they must have been performed by an individual who is licensed as a nurse under the provisions of Title 84.

*Judgment affirmed. All the Justices concur, except Undercofler, Clarke and Smith, JJ., who dissent as to Division 2.*

DECIDED MAY 13, 1981.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*Dennis D. Watson,* for appellee.

SMITH, Justice, dissenting in part.

I dissent to Division 2 of the majority opinion.

Code Ann. § 56-3403b (b)(1) provides for "compensation to insured injured persons, without regard to fault, up to an aggregate minimum limit of $5,000 per insured injured person for: (1) all necessary medical expenses not to exceed $2,500 arising from a motor vehicle accident including necessary medicine, drugs, surgical, dental x-ray and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services, all as prescribed, authorized, approved or rendered by an attending physician, including any person licensed to practice a healing art and any remedial treatment and care rendered in accordance with a recognized religious healing method . . ." I cannot believe the legislature intended that the term "nursing services" as used in Code Ann. § 56-3403b (b)(1) be given the narrow construction advanced by

the majority. An injured party may not require the level of composite nursing services which necessitates hiring a licensed practical or registered nurse and yet be in need of care.[1] In this regard, it may be noted that Code Ann. §. 84-6811 provides: "The provisions of this Chapter [Licensed Practical Nurses] shall not prohibit an orderly, attendant, aide, or maid from engaging in work or performing tasks customarily performed by such persons." In addition, Code Ann. § 84-1012 states: "The provisions of this Chapter [Nurses] shall not prohibit . . . (d). The performance of auxiliary services in the care of patients, when such care and activities do not require the knowledge and skill required of a person practicing nursing as a registered professional nurse, and when such care and activities are performed under orders or directions of a licensed physician, licensed dentist, licensed podiatrist, or person licensed to practice nursing as a registered professional nurse . . ." In my view, the level of services required in a given case should be a matter of professional judgment by the "attending physician." It is indeed incongruous that "care rendered in accordance with a recognized religious healing method" is compensable under Code Ann. § 56-3403b (b)(1) while "nursing services" performed by an orderly or attendant under the direction of a physician are not. However, this is the law under the majority opinion.

Furthermore, I find nothing in the language of Code Ann. § 56-3403b (b)(1) which renders authorized nursing services performed by a relative of the injured party uncompensable.[2] Compare Code Ann. § 56-3403b (b)(3), which provides for "expenses, not to exceed $20 per day, reasonably incurred during a period of disability in obtaining ordinary and necessary services from others, excluding members of the injured person's household, in lieu of services that, had he or she not been injured, the injured person would have performed, not for income but' for the benefit of his or her household."

Under a proper construction of Code Ann. § 56-3403b (b)(1), appellee has not pierced appellant's complaint with respect to the

---

[1] The difference in cost between a licensed practical or registered nurse, on the one hand, and an attendant or orderly, on the other, is presumably rather substantial. Were an injured party's physician to decide that the injured party only required the services of an orderly, he would, under the majority opinion, nonetheless have to authorize the services of a licensed nurse in order for his patient to recover no fault insurance benefits. To this extent, the majority opinion promotes unnecessary costs in the health care system.

[2] The majority apparently would allow recovery for "nursing services" provided by a licensed nurse even though this individual was related to the injured party.

claim for nursing services. See *Watkins Products, Inc. v. England,* 123 Ga. App. 179, 182 (180 SE2d 265) (1971). The judgment should be reversed as to this portion of the complaint.

I am authorized to state that Justice Undercofler and Justice Clarke join in the dissent.