69843. MIDLAND INSURANCE COMPANY v. WEST.
(333 SE2d 628)

POPE, Judge.

We granted appellant-insurer's application for interlocutory review of the trial court's order denying appellant's motion for summary judgment in this action brought by appellee West seeking to recover benefits for loss of income or earnings pursuant to OCGA § 33-34-4 (a) (2) (B). For approximately eight months prior to December 5, 1982, appellee was unemployed. He was then hired to drive a truck owned by Cedar Point Seafood from Darien, Georgia to Cape Canaveral, Florida on December 5, 1982. He was to be paid $50 for the trip and, according to appellee, he was told to be prepared to spend a couple of days there to unload and set up the equipment he had transported from Darien to Cape Canaveral.[1] During the trip to Florida on December 5, 1982, appellee was injured when the truck he was driving for Cedar Point Seafood was involved in a motor vehicle collision on Interstate 95. The truck was insured under a policy of basic no-fault insurance issued by appellant Midland Insurance Company which paid appellee's medical expenses incurred as a result of the collision, as well as paying appellee the amount of $480 for loss of income or earnings. Appellee brought suit against appellant seeking to recover $2,020 for lost income or earnings pursuant to OCGA § 33-34-4 (a) (2) (B), for attorney fees, and for exemplary damages for appellant's alleged bad-faith refusal to pay his claim. Appellant answered denying liability for payment of such claim and also counterclaimed for return of the amount previously paid appellee for lost income or earnings. As explained above, the trial court denied appellant's motion for summary judgment.

1. Appellant first enumerates as error the denial of summary judgment on the issue of its liability for payment of appellee's claim

---

[1] The company official who supervised the subject transportation of equipment stated by affidavit that appellee was never hired by Cedar Point Seafood. Rather, appellee was hired by Horne Trucking Company to drive the truck. Additionally, the offer of the extra days' work to unload and set up the equipment in Cape Canaveral was expressly denied by affidavit. While expressly denying such offer, the affidavit stated that the maximum appellee would have been paid would have been $5 per hour for sixteen hours of work.

for loss of income or earnings. Appellant contends that appellee is not entitled to benefits under OCGA § 33-34-4 (a) (2) (B) because he suffered no such loss. The record supports appellant's construction of the facts, i.e., that appellee was unemployed from March 1982 until the day of the accident, December 5, 1982, whereupon he was assured one day's employment with a possibility of two more to follow. The evidence is uncontroverted that neither appellee nor Cedar Point Seafood assumed or intended that appellee would continue the employment arrangement. Further, by deposition appellee is quite clear that he had no specific plan nor any agreement whatsoever for employment after the trip to Cape Canaveral. Instead, he was going to return to Darien to continue to look for a job, which he did. Appellee became employed again in August 1983.

Appellant relies upon the opinion in *Leonard v. Preferred Risk Mut. Ins. Co.*, 247 Ga. 574 (1) (277 SE2d 675) (1981), which upheld the constitutionality of the limitation of payment of income benefits under OCGA § 33-34-4 (a) (2) (B) to those who are employed or receiving income as previously construed through the appellate case law of this state. "The appellate courts of this state have held that an injured party is not entitled to recover lost income benefits if he is unemployed or 'receiving no income' at the time of injury. See, e.g., *State Farm &c. Ins. Co. v. Smith*, 245 Ga. 654 (266 SE2d 505) (1980); *Miller v. Spicer*, 147 Ga. App. 759 (250 SE2d 492) (1978). While it is not essential to recovery of lost income benefits that the injured party actually be earning income on the date of injury, he must, at a minimum, have accepted an offer of income-generating employment or have a continuous pattern of employment prior to the period of disability. See *American Interstate Ins. Co. v. Revis*, 156 Ga. App. 204 (274 SE2d 586) (1980); see also *State Farm [&c.] Ins. Co. v. Smith*, supra." Id. at 575.

From the foregoing it is apparent that because he was actually employed and earning income on the date of the accident, appellee is entitled to payment of the loss of income or earnings due to him under OCGA § 33-34-4 (a) (2) (B). Appellee admits that he had been paid $50 for the unfinished trip to Cape Canaveral on December 5, 1982. We disagree with appellee, however, that the fact of his employment on that day precludes further inquiry and automatically entitles him to such payment for the entire period of his disability.[2]

The Georgia Motor Vehicle Accident Reparations Act requires certain minimum insurance coverage of motor vehicles including a

---

[2] Now asserting mistake, appellant paid appellee $480 in benefits for lost income or earnings. In its motion for summary judgment also made on its counterclaim, appellant seeks return of that amount less 85 percent of the $80 maximum due appellee for the two days' work in Cape Canaveral.

provision for payment to the insured without regard to fault in the amount of "[e]ighty-five percent of the loss of income or earnings during disability with a maximum benefit of $200.00 per week. . . ." OCGA § 33-34-4 (a) (2) (B). OCGA § 33-34-6 (b) provides in part: "Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives *reasonable proof of the fact and the amount of loss sustained.*" (Emphasis supplied.) See generally *Allstate Ins. Co. v. Torok*, 168 Ga. App. 517 (309 SE2d 676) (1983). Reasonable proof of lost income or earnings is not defined in the statute. When confronted with a similar, though not identical, factual posture and resulting issue, this Court in *State Farm Mut. Ins. Co. v. Moss*, 152 Ga. App. 84 (2) (262 SE2d 248) (1979), turned to cases decided under tort law for guidance. "[L]ost wages and earnings are not recoverable where the evidence does not show the amount of the loss with *reasonable certainty.*" (Emphasis supplied.) *Rosser v. Atlanta Coca-Cola Bottling Co.*, 162 Ga. App. 503, 504 (291 SE2d 109) (1982), revd. on other grounds, *Atlanta Coca-Cola Bottling Co. v. Rosser*, 250 Ga. 52 (295 SE2d 827) (1982). "Lost earnings can be recovered if the proof is *reasonably certain.*" (Emphasis supplied.) *Douglas v. Rinker*, 134 Ga. App. 949, 950 (216 SE2d 629) (1975). Thus, the insurer is required to pay those benefits set forth in OCGA § 33-34-4 (a) (2) (B), the fact and amount of which are shown with reasonable certainty to be due the insured. In the rare instance, such as in this case, in which the insured is employed on the date of the accident and injury but where the employment is only certain in duration as to that day, the insured is not necessarily precluded from recovery of benefits for loss of income or earnings for the length of disability. He must, however, establish with reasonable certainty his entitlement to benefits for loss of income or earnings during the period of his disability by showing that he had "accepted an offer of income-generating employment or [has had] a continuous pattern of employment prior to the period of disability." *Leonard v. Preferred Risk Mut. Ins. Co.*, supra.

Appellee in this case has shown neither and has already received payment of benefits for the loss of income or earnings which he has shown with reasonable certainty to have been incurred. In other words he has not shown with reasonable certainty that he has incurred a loss of income or earnings which, if not for the accident and alleged disability, he would otherwise have collected. See generally *Aetna Cas. &c. Co. v. Revere*, 160 Ga. App. 316 (287 SE2d 251) (1981); *Phillips v. Aetna Cas. &c. Div.*, 148 Ga. App. 351 (251 SE2d 180) (1978); *Southeastern Fid. Ins. Co. v. Hicks*, 143 Ga. App. 165 (1) (237 SE2d 655) (1977); *Sheffield v. Cotton States Mut. Ins. Co.*, 141 Ga. App. 861 (234 SE2d 695) (1977). The trial court, therefore, erred in denying summary judgment to appellant. Our holding is not in

conflict with the decision in *Whitlock v. U. S. F. & G. Co.*, 579 FSupp. 293 (1) (N.D. Ga. 1984), wherein summary judgment was denied the insurer on a similar issue. The facts in *Whitlock* are distinguishable from the case at bar in that the injured insured's prior employment was not a factor in that case. He was, however, discharged from his employment three days following the accident. The insurer challenged his right to payment of benefits for loss of income or earnings based upon the discharge. In order to avoid the appearance of impropriety and the possibility of collusion between employer-insureds and their insurers, the court declined to hold as a matter of law that the injured employee was not entitled to benefits for loss of income or earnings because he was discharged after the accident. Here, we have no question of such discharge and no possibility of collusion.

2. From our holding in Division 1, supra, it follows that appellant's second enumeration of error is also meritorious in that the trial court erred in denying summary judgment to appellant on the issue of bad faith penalties pursuant to OCGA § 33-34-6 (b, c). A doubtful question of law was involved and appellant was legally justified in litigating the issue. See *Allstate Ins. Co. v. Ammons*, 163 Ga. App. 385 (2) (294 SE2d 610) (1982); *American Interstate Ins. Co. v. Revis*, supra at Division 2.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 17, 1985 —
REHEARING DENIED JULY 11, 1985 — ▮▮▮▮▮▮▮

*David T. Whitworth, James B. Durham*, for appellant.
*Edward E. Boshears*, for appellee.