## 43268. ALLISON v. AUTO-OWNERS INSURANCE COMPANY.
(349 SE2d 682)

BELL, Justice.

This case is here by way of certified question from the United States Court of Appeals for the Eleventh Circuit. See Rule 36 of the Supreme Court of Georgia; OCGA § 15-2-9. The facts, as stated by the Eleventh Circuit, are as follows:

"On July 11, 1981 plaintiff/appellant was involved in an automobile accident in which she suffered disabling injuries. At the time of the accident, plaintiff lacked by approximately two weeks completing a year long job training program for which she earned $106.00 a week. Prior to the accident plaintiff had interviewed for a number of jobs but had received no job offers or firm promises of work. The injuries sustained by plaintiff disabled her from performing any gainful employment and she has not worked since the accident.

"At the time of the accident plaintiff was insured by defendant/appellee for PIP benefits up to a maximum of $50,000. Pursuant to this coverage defendant paid plaintiff for the two weeks lost income pertaining to the remainder of her job training program. Defendant refused, however, to make any further payment to plaintiff on the ground that since her employment would have terminated regardless of the accident she could not recover lost income over and above the two week period without showing that there was a job available for her after the termination of the job training program. Plaintiff subsequently filed suit in the Superior Court of Ben Hill County, Georgia, seeking to recover alleged lost income together with penalties, attorney's fees and punitive damages. The case was removed on diversity grounds to the United States District Court for the Middle District of Georgia.

"At trial, the trial court submitted to the jury the question of whether plaintiff had sustained loss of income as defined under Georgia law for the period commencing two weeks after the accident. Plaintiff objected to the trial court's action, contending that as she was gainfully employed at the time of the accident she is entitled as a matter of law to recover lost earnings since that time. In contesting the additional recovery, defendant relied solely on the fact that the training program would have ended two weeks after the accident. At the close of the evidence plaintiff moved for a directed verdict as to the amount of lost income she alleged was then owing, $12,519.65, which was denied by the trial court. The jury returned a verdict for the defendant. The trial court subsequently denied plaintiff's motion for judgment notwithstanding the verdict. Plaintiff then filed her appeal to this court seeking to have the order of the trial court denying plaintiff's motion for judgment notwithstanding the verdict in the amount of $12,519.65 reversed and remanded for judgment in favor of

the plaintiff."

The question presented in this case is whether the district court properly submitted the issue of Allison's entitlement to lost wages to the jury. We find that it did.

In *Midland Ins. Co. v. West*, 175 Ga. App. 419 (1) (333 SE2d 628) (1985), the Court of Appeals was faced with deciding the issue of whether the insured's employment on the day of the accident automatically entitled him to payment of lost wages for the entire period of his disability. We agree with the following statement of the law from the Court of Appeals' decision in that case:

"The Georgia Motor Vehicle Accident Reparations Act requires certain minimum insurance coverage of motor vehicles including a provision for payment to the insured without regard to fault in the amount of '[e]ighty-five percent of the loss of income or earnings during disability with a maximum benefit of $200.00 per week . . . .' OCGA § 33-34-4 (a) (2) (B). OCGA § 33-34-6 (b) provides in part: 'Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives *reasonable proof of the fact and the amount of loss sustained.*' (Emphasis supplied.) See generally *Allstate Ins. Co. v. Torok*, 168 Ga. App. 517 (309 SE2d 676) (1983). Reasonable proof of lost income or earnings is not defined in the statute. When confronted with a similar, though not identical, factual posture and resulting issue, this Court in *State Farm Mut. Ins. Co. v Moss*, 152 Ga. App. 84 (2) (262 SE2d 248) (1979), turned to cases decided under tort law for guidance. '[L]ost wages and earnings are not recoverable where the evidence does not show the amount of the loss with *reasonable certainty.*' (Emphasis supplied.) *Rosser v. Atlanta Coca-Cola Bottling Co.*, 162 Ga. App. 503, 504 (291 SE2d 109) (1982), revd. on other grounds, *Atlanta Coca-Cola Bottling Co. v. Rosser*, 250 Ga. 52 (295 SE2d 827) (1982). 'Lost earnings can be recovered if the proof is *reasonably certain.*' (Emphasis supplied.) *Douglas v. Rinker*, 134 Ga. App. 949, 950 (216 SE2d 629) (1975). Thus, the insurer is required to pay those benefits set forth in OCGA § 33-34-4 (a) (2) (B), the fact and amount of which are shown with reasonable certainty to be due the insured. In the rare instance, such as in this case, in which the insured is employed on the date of the accident and injury but where the employment is only certain in duration as to that day, the insured is not necessarily precluded from recovery of benefits for loss of income or earnings for the length of disability. He must, however, establish with reasonable certainty his entitlement to benefits for loss of income or earnings during the period of his disability by showing that he had 'accepted an offer of income-generating employment or [has had] a continuous pattern of employment prior to the period of disability.' *Leonard v. Preferred Risk Mut. Ins. Co.*, [247 Ga. 574 (1)

(277 SE2d 675) (1981)]." *Midland Ins. Co. v. West*, supra, 175 Ga. App. at 420-421. (First brackets in original; second brackets supplied.)

In the instant case, there was conflicting evidence as to whether Allison, under the above principles, suffered lost income for the period of disability following the termination of her employment. In this regard, although the record shows that Allison had been employed on the date of the accident for just over eleven months; that she was involved in a program designed to train her for future employment; and that she had had several job interviews, it also shows that her employment was scheduled to and did end two weeks after the accident; that she had not obtained new employment at the time of the accident; that no proof was given as to when, barring the mishap, new employment would have been obtained or as to the earnings that would have been derived therefrom; and that no proof, other than the job training program Allison was involved in at the time of the accident, was offered as to a continuous pattern of employment. Due to this conflicting evidence we conclude that a jury question was raised as to whether Allison was entitled to lost wages for the period of disability in question. The certified question is answered in the affirmative.

*Certified Question Answered. All the Justices concur.*

DECIDED OCTOBER 29, 1986 —
RECONSIDERATION DENIED NOVEMBER 25, 1986.

*Mills & Chasteen, Ben B. Mills,* for appellant.
*Black, Black & Cannon, William E. Cannon, Jr.,* for appellee.