### 74080. INSURANCE COMPANY OF NORTH AMERICA v. SMITH.
(358 SE2d 658)

BENHAM, Judge.

In 1984, appellee was employed by a company which provided housekeeping services to a manufacturing concern. She and her co-workers were informed at the beginning of August of that year that the employer's contract with the manufacturer would expire at the end of that month and that the continued employment of the employees would be up to the new contractor. On August 11, 1984, appellee was injured while a passenger on a bus insured by appellant. She made a claim for benefits, including earnings lost during the period of the disability caused by her injury on the bus. Appellant paid appellee lost earnings benefits for the period between the injury and the end of August, asserting that no more lost earnings benefits were due since appellee would have been unemployed after the end of the month. In the suit appellee filed seeking payment of the benefits, appellant filed a motion for summary judgment, relying on appellee's deposition testimony to establish that her former employer no longer had the contract for housekeeping services at the plant where appellee worked, that it would have been up to the new contractor to decide whether appellee would be retained, and that appellee had not received an actual job offer from the new contractor. In opposition to appellant's motion for summary judgment, appellee submitted an affidavit of her own to the effect that although she had sometimes changed jobs or been laid off, she had remained regularly employed, always getting a new job immediately. Appellee also offered an affidavit from her former supervisor, who testified that he and all the workers he supervised were offered jobs by the new contractor and that

appellee, who was a good worker, would have been hired had she not been injured. In a deposition taken in this case, appellee testified that she would have worked for the new contractor but for her injury. After considering the evidence of record, the trial court denied appellant's motion for summary judgment. We granted appellant's application for interlocutory appeal.

1. With regard to the issue of liability for lost earnings benefits for the period of appellee's disability, appellant takes the position that it is entitled to judgment because appellee cannot prove either the fact or the amount of the lost earnings as required by OCGA § 33-34-6 (b). The basis for that position is appellant's insistence that appellee would have been unemployed after the end of August 1984 and that she cannot prove otherwise.

" 'Lost earnings can be recovered if the proof is *reasonably certain*.' [Cit.] Thus, the insurer is required to pay those benefits set forth in OCGA § 33-34-4 (a) (2) (B), the fact and amount of which are shown with reasonable certainty to be due the insured. In the rare instance . . . in which the insured is employed on the date of the accident and injury but where the employment is only certain in duration as to [a specified period], the insured is not necessarily precluded from recovery of benefits for loss of income or earnings for the length of disability. He must, however, establish with reasonable certainty his entitlement to benefits for loss of income or earnings during the period of his disability by showing that he had 'accepted an offer of income-generating employment or (has had) a continuous pattern of employment prior to the period of disability.' [Cit.]" *Midland Ins. Co. v. West*, 175 Ga. App. 419, 421 (333 SE2d 628) (1985).

In appellee's affidavit, she established a continuous pattern of employment prior to the period of the disability sufficiently so that the issue is not susceptible of summary adjudication. Whether her proof of the fact and amount of her lost earnings is sufficient to warrant an award of benefits to her is a question for a jury.

We hold, therefore, that the trial court was correct in denying appellant's motion for summary judgment on the issue of liability for lost earnings benefits.

2. We also agree with the trial court that appellant is not entitled to judgment as a matter of law with regard to appellee's claim for bad faith penalties. Appellant relies on *American Interstate Ins. Co. v. Revis*, 156 Ga. App. 204 (2) (274 SE2d 586) (1980), for the proposition that even if it was mistaken in denying benefits, it will have no liability for bad faith penalties if it can be said as a matter of law that it had a reasonable defense which vindicates its good faith. While we agree with that proposition, we cannot say that it applies, as a matter of law, to the defense raised by appellant in this case, especially in light of the evidence that appellant could have continued working

without missing a payday had it not been for the injury she suffered on the bus operated by appellant's insured. That question, too, will be most properly decided by a jury.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 9, 1987.

*Sewell K. Loggins, Brian J. Morrissey*, for appellant.
*W. Franklin Freeman, Jr.*, for appellee.