75612. AUTO-OWNERS INSURANCE COMPANY v. SAPP.
(365 SE2d 286)

BANKE, Presiding Judge.

The defendant insurance company filed this appeal from a judgment awarding the plaintiff insured disability benefits pursuant to the personal injury protection (i.e., "no-fault") provisions of his motor vehicle accident insurance policy. The case was submitted to the trial judge upon a stipulation of facts, which may be summarized as follows.

The plaintiff was injured in an automobile accident on March 30, 1986, and was disabled as a result of his injuries until June 4, 1986. He was employed on the date of the accident by Firestone Tire and Rubber Company, where he had worked continuously for the past 15 years. However, during the period of disability, the plant where he had worked ceased operations, with the result that his employment with Firestone was terminated on that date. The defendant paid disability benefits to the plaintiff for the period between the date of the collision and the date of the plant closing but refused to pay him such benefits for the remaining period of his disability, prompting him to file the present action. It is undisputed that the plaintiff received no offers of other employment while he was disabled. The defendant contends that under such circumstances he is not entitled to any additional disability benefits. *Held*:

A rule which required a factory worker seeking to recover "no-

fault" disability benefits to prove that he had received and accepted during the period of his disability offers of employment from other employers would be a virtual "catch-22," it being unlikely in the extreme that any such offers would be available to the worker under such circumstances. Additionally, such a rule would be contrary to well settled precedent. To recover benefits for "loss of income or earnings during disability" pursuant to OCGA § 33-34-4 (a) (2) (B), an insured is required merely to establish with "reasonable certainty" the fact and amount of such lost income or earnings, and this he may accomplish *either* by showing that he previously had accepted an offer of income-generating employment for the period in question *or* by showing "a continuous pattern of employment prior to the period of disability." *Allison v. Auto-Owners Ins. Co.*, 256 Ga. 446, 447 (349 SE2d 682) (1986), citing *Leonard v. Preferred Risk Mut. Ins. Co.*, 247 Ga. 574 (1) (277 SE2d 675) (1981), and *Midland Ins. Co. v. West*, 175 Ga. App. 419, 420-421 (333 SE2d 628) (1985). Accord *Insurance Co. of North America v. Smith*, 183 Ga. App. 266 (1) (358 SE2d 658) (1987).

In the present case, the stipulations entered into by the parties established that a continuous pattern of employment had existed for many years prior to the accident. Such evidence was sufficient to establish the plaintiff's entitlement to disability benefits for the entire period of his disability.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988.

*William E. Cannon, Jr.*, for appellant.
*John M. Beauchamp, Kermit S. Dorough, Jr.*, for appellee.