## 76304. LEONAITIS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(368 SE2d 775)

DEEN, Presiding Judge.

On September 14, 1980, appellant, who was president and majority stockholder of Ardex, Ltd., was involved in an automobile accident which left him disabled for approximately ten months. During his disability period he received $2,604.92 in loss of income benefits under an insurance policy issued by Southern Guaranty Insurance Co., and $24,969.96 as 85 percent loss of income benefits as required by OCGA § 33-34-5 (a) (B) under his automobile insurance policy with State Farm. He brought an action against State Farm, contending that as 80 percent shareholder of Ardex, he was entitled to receive 80 percent

of the net operating income of Ardex and that a reduction in the retained earnings of the corporation as calculated one year after the accident should justify a further payment of $16,447.84. His salary from Ardex for the previous year, which he alone determined annually, was approximately $40,000. There is no evidence that he received income from any source other than his salary. Summary judgment was granted in favor of the insurance company, and Leonaitis appeals.

1. The trial court did not err in denying appellant's motion in limine requesting an order that evidence of the reduction in earnings of the corporation owned and operated by him is admissible as evidence of his true loss of income. To grant appellant's request the court would have to disregard the existence of the corporate entity. Appellant chose to operate his business in corporate form and to pay himself a salary as his share of the corporate income. His reliance upon *Smith v. State Farm &c. Ins. Co.*, 152 Ga. App. 825 (264 SE2d 296) (1979), is misplaced, as this court's holding that there was evidence that a jury could find that certain earnings of appellant's late husband's business could be found to be attributed to her was reversed by the Supreme Court at 245 Ga. 654 (266 SE2d 505) (1980). Moreover, in that case, the business was not operated in corporate form, and the net profits from the business were deposited into a joint checking account.

2. Summary judgment in favor of appellee was proper simply because appellant failed to come forward with any evidence beyond his bare allegations, in the complaint and in his affidavit, that he had any other income on the date of his accident, which would be covered under the policy issued by appellee. In support of its motion for summary judgment, appellee showed that it was undisputed that at the time of the accident, appellant was a salaried employee of Ardex, Ltd., and that appellee had paid appellant 85 percent of his salary from that corporation during his period of disability. Appellee further contended that appellant had not established any other loss of income in a legally sufficient manner. Although appellant stated in his affidavit submitted in opposition to the motion for summary judgment that at the time of the accident he was engaged in various personal and family business matters from which he earned income, he testified at his deposition that he never submitted any documents to appellee to substantiate this claim, and admitted in his deposition testimony that it would be very difficult for him to say what his losses actually were. Further, the record contains no evidence substantiating appellant's claim of income loss beyond his salary from Ardex. Although it is true that "[o]n motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party," *Evans v. Bibb Co.*, 178 Ga. App. 139 (1) (342

SE2d 484) (1986), " '[t]he burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cit.]' [Cit.]" *Stipp v. Bailey*, 181 Ga. App. 555, 556 (353 SE2d 52) (1987). "An affidavit containing only contentions and conclusions without reference to any factual basis is insufficient to demonstrate the [existence] of a genuine issue as to any material fact." *Toco Hills v. Rollins Protective &c. Co.*, 179 Ga. App. 823, 826 (1) (348 SE2d 65) (1986). "Under the Georgia Civil Practice Act, a mere assertion that there is an issue of material fact, without more, is insufficient basis upon which to oppose an otherwise appropriate motion for summary judgment." *Hunnicutt v. Hunnicutt*, 180 Ga. App. 798, 801 (3) (350 SE2d 770) (1986).

The claimant must "establish with reasonable certainty his entitlement to benefits for loss of income or earnings during the period of his disability by showing that he had 'accepted an offer of income-generating employment or (has had) a continuous pattern of employment prior to the period of disability.' [Cit.]" *Midland Ins. Co. v. West*, 175 Ga. App. 419, 421 (333 SE2d 628) (1985); *Insurance Co. of North America v. Smith*, 183 Ga. App. 266 (358 SE2d 658) (1987). Appellant has failed to show with a reasonable certainty that he was entitled to any part of the retained earnings as "loss of income or earnings" as required under OCGA § 33-34-5 (a) (1) (B). There is no evidence of dividend payments during the existence of the corporation; his only compensation from Ardex was in the form of salary.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 18, 1988 — ▮▮▮▮▮▮▮▮

*Gregson T. Haan, John G. McCullough*, for appellant.
*Thomas D. Harper*, for appellee.