A89A1347. ALLISON v. AUTO-OWNERS INSURANCE
COMPANY.
(387 SE2d 39)

CARLEY, Chief Judge.

On July 11, 1981, appellant-plaintiff was injured in an automobile collision. She filed a no-fault claim with appellee-defendant. When appellee refused to pay appellant for more than two weeks of lost income, she filed suit in state court, seeking to recover additional no-fault lost wages benefits for the period between July 1, 1982 and October 1, 1983. The case was removed to U. S. District Court and a jury trial resulted in a verdict in favor of appellee. Appellant appealed, urging that it was error to deny her motion for judgment n.o.v. In response to a certified question from the United States Court of Appeals for the Eleventh Circuit, our Supreme Court held that "a jury question was raised as to whether [appellant] was entitled to lost wages for the period of disability in question." *Allison v. Auto-Owners Ins. Co.*, 256 Ga. 446, 448 (349 SE2d 682) (1986). Subsequently, the U. S. Court of Appeals affirmed the District Court's order denying the motion for judgment n.o.v.

Subsequently, appellant filed this action against appellee. In her complaint, appellant sought no-fault lost wages benefits for the period between April 1, 1985 and May 31, 1987. Appellee answered and raised among its other defenses, res judicata and estoppel by judgment. Appellee moved for summary judgment based upon its res judicata and estoppel by judgment defenses. The trial court granted summary judgment in favor of appellee and appellant appeals from that order.

" 'In the rare instance, such as in this case, in which the insured is employed on the date of the accident and injury but where the employment is only certain in duration as to that day, the insured is not necessarily precluded from recovery of benefits for loss of income or earnings for the length of disability. He must, however, establish with reasonable certainty his entitlement to benefits for loss of income or earnings during the period of his disability by showing that he had "accepted an offer of income-generating employment . . . prior to the period of disability." [Cit.]' [Cit.]" *Allison v. Auto-Owners Ins. Co.*, supra at 447-448. Appellant has had one opportunity to meet this burden of proof and failed in her effort to do so. The evidence in her previous action against appellee showed "that her employment was scheduled to and did end two weeks after the accident; that she had not obtained new employment at the time of the accident; that no proof was given as to when, barring the mishap, new employment would have been obtained or as to the earnings that would have been derived therefrom; and that no proof, other than the job training program [appellant] was involved in at the time of the accident, was offered as to a continuous pattern of employment." *Allison v. Auto-Owners Ins. Co.*, supra at 448. Accordingly, the principles of res judicata or estoppel by judgment would preclude appellant from relitigating the issue of her entitlement to no-fault lost wages benefits "for the period of disability in question." *Allison v. Auto-Owners Ins. Co.*, supra at 448. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40.

Appellant urges, however, that the matter involved in the instant case was not and could not have been put in issue in her prior suit against appellee. According to appellant, her prior action involved a recovery of no-fault lost wages benefits for a period of disability between July 1, 1982 and October 1, 1983, whereas the instant action involves an entirely different period of disability between July 1, 1985 and May 31, 1986. Under the provisions of the no-fault statute, however, appellant would not be entitled to recover for a period of disability which did not arise until July 1, 1985. OCGA § 33-34-2 (2) provides, in relevant part, that "the term . . . '[d]isability' means any period of time *commencing within 24 months* from the date on which the motor vehicle accident occurred. . . ." (Emphasis supplied.) Accordingly, the only viable period of "disability" entitling appellant to no-fault lost wages benefits is one which began within 24 months of July 11, 1981. The issue of appellant's entitlement to recover no-fault lost wages benefits for a period of disability commencing during the relevant 24-month period was resolved against her in her prior action

against appellee. It follows that the trial court correctly granted summary judgment in favor of appellee.

Judgment affirmed. *McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
*William E. Cannon, Jr.*, for appellee.